UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STATE OF MAINE,<br><br>　　Plaintiff,<br><br>　　v.<br><br>LIBERTY BELL MOVING & STORAGE, INC., and KEVIN V. FINKENAUR,<br><br>　　Defendants. | Case No.: 2:22-cv-00204-JDL |

**CONSENT JUDGMENT AND ORDER FOR INJUNCTION**

Plaintiff State of Maine, by and through its Attorney General Aaron M. Frey, filed a Complaint against Defendants Liberty Bell Moving & Storage, Inc., a Maine business corporation, and its owner and President Kevin V. Finkenaur, a Maine resident (the "Complaint"). As described in the Complaint, the State alleges that Defendants, in connection with their moving and storage business, have engaged in conduct that violates federal and state laws, including: (i) the Consumer Review Fairness Act of 2016, 15 U.S.C. § 45b ("CRFA")[1]; (ii) the Maine Unfair Trade Practices Act, 5 M.R.S.A. §§ 205-A – 214 ("UTPA"); (iii) consumer protection regulations promulgated by the Federal Motor Carrier Safety Administration ("FMCSA"), 49 C.F.R. Part 375; and (iv) 49 U.S.C. § 14906.[2]

---

[1] Section 2(b) of the CRFA, 15 U.S.C. § 45b(b), voids "provisions in form contracts that: prohibit or restrict individual consumers' ability to communicate reviews, performance assessments, and similar analyses about a seller's goods, services, or conduct; or that impose a penalty or fee against individual consumers who engage in such communications." *National Floors Direct, Inc.*, 2019 WL 3935303, at *1 (F.T.C. August 14, 2019). Section 2(c) of the CRFA, 15 U.S.C. § 45b(c), prohibits the offering of form contracts that contain such provisions. *Id.* State attorneys general may file civil actions to "obtain appropriate relief" for violations of Section 2(c). 15 U.S.C. § 45b(e).

[2] 49 U.S.C. § 14906 provides that:

　　A person, or an officer, employee, or agent of that person, that by any means tries to evade regulation provided under this part for carriers or brokers is liable to the United States for

Although Defendants do not admit or concede that the State's allegations have merit and expressly deny any wrongdoing or fault, they nonetheless consent to the entry of this Judgment for the purpose of settlement only.  Defendants acknowledge that by consenting to the entry of this Judgment they are waiving their right and opportunity to contest the State's allegations and to appeal from this Judgment. This Judgment constitutes the full and final resolution of all claims and allegations in this matter.

Accordingly, JUDGMENT is hereby entered as follows:

## JURISDICTION

1.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a) because Counts I, II, and III of the Complaint assert claims arising under the laws of the United States and Counts IV, V, VI, and VII assert supplemental state law claims that are so related to the claims asserted in the remaining Counts that they form part of the same case or controversy.  The Court has personal jurisdiction over the Defendants pursuant to Federal Rule of Civil Procedure 4(k)(1).  The Court shall retain jurisdiction for the purposes of construction, modification, and enforcement of this Judgment.

## PAYMENT TO THE STATE

2.      Within 14 days of the entry of this Judgment, Defendants shall pay to the State the total sum of $125,000 (One Hundred And Twenty Five Thousand Dollars).  Defendants shall be jointly and severally obligated with respect to the foregoing payment.

---

a civil penalty of at least $2,000 for the first violation and at least $5,000 for a subsequent violation, and may be subject to criminal penalties.

INJUNCTION

3.  Pursuant to 15 U.S.C. § 45b(e)(1), 49 U.S.C. § 14711(a), 5 M.R.S.A. § 209, and Fed. R. Civ. P. 65, Defendants and their successors and assigns are hereby enjoined and restrained from engaging in the following conduct:

   A.  Offering or entering into a form contract[3] containing a provision described as void in 15 U.S.C. § 45b(b), such as a form contract identical or substantially similar to either of the contracts attached as Exhibit A and B to the Complaint, or enforcing or attempting to enforce a provision described as void in 15 U.S.C. § 45b(b); provided, however, that Defendants shall not be found to be in contempt of this Judgment if Defendants have a reasonable, good-faith basis to believe a contractual provision (other than one that is identical or substantially similar to any of the contractual provisions prohibiting negative reviews contained in either of the contracts attached as Exhibit A or B to the Complaint) does not violate 15 U.S.C. § 45b;

   B.  Offering or entering into a contract for the interstate transportation[4] of household goods[5] by motor vehicle with an individual shipper[6] that does not comply with 49 C.F.R. Part 375, including but not limited to the minimum liability protections mandated by 49 C.F.R. § 375.201;

   C.  In connection with the interstate transportation of household goods by motor vehicle for an individual shipper, failing to comply with 49 C.F.R. Part 375, including the minimum liability protections mandated by 49 C.F.R. § 375.201;

---

[3] The term "form contract" has the meaning provided by 15 U.S.C. § 45b(a)(3).
[4] The term "interstate" means transportation by motor vehicle in interstate commerce subject to the FMCSA's jurisdiction as set forth in 49 U.S.C. § 13501. The term "interstate commerce" has the meaning provided in 49 CFR § 390.5.
[5] The term "household goods" has the meaning provided by 49 C.F.R. § 375.103
[6] The term "individual shipper" has the meaning provided by 49 C.F.R. § 375.103.

    D. Offering or entering into a contract with a consumer that requires the consumer to preemptively release or otherwise discharge Defendants and/or their insurers from all claims, liabilities, losses, and/or damages caused by intentional or reckless misconduct, except in connection with a negotiated resolution of a dispute with a consumer for which the consumer receives consideration;

    E. Employing any means to evade the regulation of carriers under Title 49, Subtitle IV, Part B of the United States Code, including but not limited to requiring individual shippers who have contracted with Defendants for the interstate transportation of household goods to agree that Defendants are not subject to 49 C.F.R. Part 375;

    F. Engaging in any unfair or deceptive acts or practices in the conduct of any trade or commerce by violating 15 U.S.C. § 45b, 49 U.S.C. § 14906, or the regulations set forth at 49 C.F.R. Part 375;

    G. Using the attorney@libertybellmoving.com email address to communicate with consumers; and

    H. Communicating with a consumer in any manner which insinuates, implies, suggests, or identifies the author and/or sender of the communication as an attorney, except when the author and/or sender is in fact a licensed attorney in good standing to practice law in the relevant jurisdiction.

  4. The injunction in paragraph 3 above applies not only to the conduct and actions of Defendants, their successors and assigns, but also to the conduct and actions of any of Defendants' owners, managers, parents, subsidiaries, directors, officers, agents, servants, or employees who are acting on behalf of, at the direction of, or for the benefit of Defendants, and the conduct of each of the foregoing persons shall be attributed to Defendants.

5. The injunction in paragraph 3 above shall take effect 10 days after entry of this Judgment, except that paragraphs 3(G) and (H) shall take effect immediately upon entry. The injunction shall expire 5 years after the date this Judgment is entered.

## NOTICE TO CONSUMERS

6. Within 90 days of entry of this Judgment, Defendants shall provide written notice of this Judgment to every consumer who after March 14, 2017 published a negative review of Defendants' business and who Defendants demanded or otherwise requested to remove the negative review. Notice shall be accomplished by sending a copy of this Judgment to the last known email address or mailing address of the consumer. Within 120 days of entry of this Judgment, Defendants shall certify in writing and under oath their compliance with this paragraph to the Office of the Maine Attorney General.

**IT IS SO ORDERED** this ___ day of _____, 2023.

_____
United States District Judge

**AGREED TO BY:**

AARON M. FREY
Attorney General

_____
Michael Devine, Bar No. 5048
Assistant Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
michael.devine@maine.gov

LIBERTY BELL MOVING & STORAGE, INC.:

*[signature]*

By: Kevin V. Finkenaur
Its: Owner and President

KEVIN V. FINKENAUR:

*[signature]*

COUNSEL FOR DEFENDANTS:

*[signature]*

Eben M. Albert, Bar No. 4311
Bernstein Shur
100 Middle Street, PO Box 9729
Portland, ME 04104-5029
(207) 774-1200
ealbert@bernsteinshur.com